UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>DUY TRONG NGUYEN and AU THI LE,<br><br>    Defendants. | Case No.: 5:10-CV-05713 EJD<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>[Re: Docket No. 25] |

Plaintiff G & G Closed Circuit Events, LLC ("Plaintiff") moves for entry of default judgment in the amount of $111,800.00 against Defendants Duy Trong Nguyen and Au Thi Le, individually and d/b/a/ The Lighthouse Café & Restaurant ("Defendants"). Plaintiff seeks damages stemming from Defendant's alleged violation of 47 U.S.C. § 605(a) and conversion of Plaintiff's property. The Court has considered the moving papers and the oral argument of Plaintiff's counsel presented at the hearing on September 23, 2011. For the reasons discussed below, the motion will be GRANTED.

## I. BACKGROUND

**A. Procedural history**

Plaintiff filed the instant action on December 15, 2010. After Defendants were served with process and failed to respond, Plaintiff moved for entry of default and served the motion by mail. See ECF No. 9, 13. The clerk entered default on May 4, 2011. Plaintiff moved for default judgment

1

Case No.: 5:10-CV-05713 EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

on June 8, 2011, and has provided proof of service indicating that a copy of the notice and application for default judgment were mailed to Defendants. See ECF Nos. 18, 25. Defendants did not appear at the hearing.

**B. Factual history**

Plaintiff is a distributor of sports and entertainment programming. It purchased the rights to broadcast a December 19, 2009 championship fight between Cung Le and Scott Smith, together with undercard bouts, televised replay, and color commentary (collectively, the "Program"). It then entered into sublicenses with third parties such as casinos, bars, and social clubs, allowing the sublicensees to exhibit the Program to their patrons. The Program was broadcast in interstate commerce by means of an encrypted transmission, and only Plaintiff's sublicensees were entitled to decrypt that transmission.

On the day of the broadcast, Gary Gravelyn ("Gravelyn"), an investigator hired by Plaintiff, observed an exhibition of the Program in The Lighthouse Café & Restaurant. Defendants were not a sublicensee entitled to exhibit the Program. Gravelyn entered the premises paying a ten dollar cover charge and observed the Program on thirty-two televisions. Decl. of Affiant at 2. Between 8:16 p.m. and 8:19 p.m., he performed three headcounts, noting the presence of 135, 147, and 137 people by each respective count. Id. at 2-3. The declaration indicates the capacity of The Lighthouse Café and Restaurant as 200 and that Gravelyn did observe a satellite dish and did not observe a cable box. Id. at 2.

## II. DISCUSSION

The Federal Communications Act of 1934, 47 U.S.C. § 605 et seq. prohibits commercial establishments from intercepting and broadcasting satellite cable programming without a license. It provides a private right of action in federal court. Plaintiffs may request that courts award actual or statutory damages between $1,000 and $10,000 for each violation of section 605. 47 U.S.C. § 605(e)(3)(C)(i). Damages of up to $100,000 may be awarded for willful violations. 47 U.S.C. § 605(e)(3)(C)(ii).

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)

(citing Pope v. United States, 323 U.S. 1 (1944); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). Plaintiff seeks damages pursuant to § 605, which "requires proof that a defendant has '(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff.' " California Satellite Systems v. Seimon, 767 F.2d 1364, 1366 (9th Cir. 1985) (citing National Subscription Television v. S & H TV, 644 F.2d 820, 826 (9th Cir. 1981)).

Plaintiff alleges in its complaint that it transmitted the Program, that Defendants unlawfully intercepted the Program, and that Defendants exhibited the Program. Compl. ¶¶ 11-15. Plaintiff seeks $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $100,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and $1,800 in damages for conversion.

**A. Statutory damages pursuant to 47 U.S.C. § 605(e)(3)**

Under 47 U.S.C. § 605(e)(3), the Court may award statutory damages between $1,000 and $10,000 for a violation of the Act. The violation in the instant case appears to be particularly egregious, and Plaintiff requests the statutory maximum. Plaintiff contends that the maximum award against Defendants are necessary to deter future violations. Plaintiff has presented evidence of the capacity of the establishment as 200, which served 135, 147, and 137 persons during Gravelyn's headcounts, and the Program was shown on thirty-two televisions. These factors suggest that maximum damages are warranted. The Court finds that an award of $10,000 is warranted under the circumstances.

**B. Enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii)**

47 U.S.C. § 605(e)(3)(C)(ii) provides for an enhanced damage award of up to $100,000 when "a violation was committed willfully and for purposes of direct or indirect commercial advantage or financial gain." 47 U.S.C. 605(e)(3)(C)(ii). Plaintiff alleges that Defendants' interception of the program was willful and for purposes of commercial advantage or private gain. Compl. ¶ 15.

Although Plaintiff has brought to the attention of the Court three other cases in which similar conduct is alleged against Defendants, two of those cases were filed after the events at issue in this action and therefore are not particularly probative of the Defendant's wilfulness or purpose

3

Case No.: 5:10-CV-05713 EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

during the events at issue here. The third case, CV 09-3591 RMW, which ultimately settled, was filed on August 6, 2009, and the summons were returned executed on September 16, 2009. The events at issue in this case occurred on December 19, 2009. Thus, this third case indicates that at the time of the December 19, 2009 broadcast, Defendants had knowledge that their actions violated the statute and acted willfully.

Based on these considerations and the egregious nature of the violation, the court finds that it is appropriate for the Court to exercise its discretionary authority to impose enhanced damages. In light of the fact that Gravelyn observed 135, 147, and 137 people present, the Program was shown on thirty-two televisions, and there was a ten dollar cover charge, the Court concludes that an award of $10,000 in enhanced damages is warranted.

**C. Costs and Fees pursuant to 47 U.S .C. § 605(e)(3)(b)(iii)**

Costs and reasonable attorney's fees are recoverable under 47 U.S .C. § 605(e)(3)(B)(iii). Plaintiff's counsel seeks recovery of fees and costs, but did not attach an affidavit of attorney's fees and costs to the motion for default judgment. See Notice of Application ¶ 6, ECF No. 18. Accordingly, Plaintiff's counsel shall submit curriculum vitae or resume, billing and cost records, and other documents supporting his request for reasonable attorney's fees and costs by January 20, 2012.

**D. Damages for Conversion**

As a result of Defendants' default, the facts alleged in the pleadings are sufficient to establish that Defendants wrongfully denied Plaintiff ownership of the right to control the exhibition of the Program and therefore are sufficient to establish that Defendants are liable for the tort of conversion. See Culp v. Signal Van & Storage, 142 Cal. App. 2d Supp. 859, 862 (App. Div. 1956). Pursuant to Cal. Civ. Code § 3336, Defendants are liable for the value of the property at the time of the conversion. Accordingly, Plaintiff is entitled to recover the sublicensing fee of $1,800.

### III. CONCLUSION

Plaintiff's motion is granted. Plaintiff shall recover $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $10,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and $1,800 pursuant to Cal. Civ. Code § 3336. Plaintiff's counsel shall submit

documents supporting his request for reasonable attorney's fees and costs by January 20, 2012.

IT IS SO ORDERED.

Dated: Fgego dgt'36.'4233

_____
EDWARD J. DAVILA
United States District Judge

5
Case No.: 5:10-CV-05713 EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT